IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**
DEC 22 2000
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
FEB 26 2001
Michael N. Milby
Clerk of Court

No. 00-40478
Summary Calendar

WILLIAM LEE HEDRICK,

Plaintiff-Appellant,

versus

MARY ANN FLORES, Investigator, Cameron County Sheriff Department; ROBERTO RODRIGUEZ, Deputy Sheriff, Cameron County Sheriff Department; CARLOS DEL BOSQUE, Deputy Sheriff, Cameron County Sheriff Department; OFELIA CORONADO, Landlord, 858 Puebla Street, Apt. B, Brownsville, TX 78200; JEFFREY T. STRANGE, Assistant District Attorney for Cameron County, Texas; JOHN DOE, #1 Deputy Constable, Constable Cameron County, Texas; JOHN DOES, (2883) Four Deputy Sheriffs of Cameron County, Texas; BILL DOE, John Doe, #3 Deputy Sheriff Cameron County, Texas; P. VELA, Deputy Sheriff of Cameron County, Texas; J. GONZALES, Deputy Sheriff Brownsville, TX,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
No. B-98-CV-120

---

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

William Lee Hedrick appeals, *pro se*, the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. Hedrick's motions to compel discovery and obtain legal assistance and for a default judgment as to Appellee Ofelia Coronado are **DENIED**.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hedrick seeks damages, claiming defendants violated his constitutional rights, resulting in his conviction. The district court correctly ruled that this action challenges Hedrick's underlying conviction and is, therefore, barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (plaintiff may *not* recover damages for claimed unconstitutional imprisonment absent showing conviction or sentence has been reversed or invalidated by state court or called into question by issuance of federal habeas relief).

Hedrick also maintains the district court should *not* have dismissed his action prior to ruling on his pending § 2254 petition. However, in providing that a § 1983 claim does *not* accrue until a conviction is reversed or otherwise called into question, *Heck* clearly contemplates that dismissals may occur while post-conviction challenges are pending. *Heck*, 512 U.S. at 489-90 ("no cause of action [exists] under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus").

With respect to Coronado, the district court properly considered *sua sponte* the claims against her, despite both her failure to answer the complaint and the lack of any discovery. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.) (district court may dismiss § 1983 action *sua sponte* if action does *not* state claim and if procedure employed is fair), *cert denied*, 525 U.S. 865 (1998). The court concluded that Coronado was *not* liable under § 1983 because she was *not* a state

2

actor. We need *not* reach that issue because, even if she were, Hedrick's claims against her would be barred under *Heck*. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (appeals court may affirm dismissal for failure to state claim on any basis supported by record).

Finally Hedrick contends that the magistrate judge erred in denying him an evidentiary hearing on his motion to suppress certain evidence. He did *not* appeal the denial to the district court; therefore, this court has *no* jurisdiction. *See Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989).

*JUDGMENT AFFIRMED; MOTIONS DENIED*

3