UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 1 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| WILLIAM LEE HEDRICK<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | |
| MARY ANN FLORES,<br>ROBERTO RODRIGUEZ,<br>CARLOS DEL BOSQUE,<br>OFELIA CORONADO,<br>JEFFREY T. STRANGE,<br>FOUR UNNAMED DEPUTY SHERIFFS,<br>AND ONE UNNAMED DEPUTY<br>CONSTABLE,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-98-120 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought 42 U.S.C. §1983 against common-law spouse and authorities after common-law spouse found child pornography in Plaintiff's room and reported her discovery to authorities who arrested and prosecuted Plaintiff.

### PARTIES

1. Plaintiff William Lee Hedrick (Plaintiff) is an inmate incarcerated in the Bill Clements Unit in Amarillo, Texas.

2. Defendant Mary Ann Flores (Flores) is an investigator for the Cameron County Sheriff's Department.

3. Defendant Roberto Rodriguez (Rodriguez) is a Deputy sheriff with the Cameron County Sheriff's Department.

4. Carlos del Bosque (del Bosque) is Deputy sheriff with the Cameron County Sheriff's Department.

5. Defendant Ofelia Coronado (Coronado) is the landlord and common law spouse of Plaintiff.

1

6. Defendant Jeffrey T. Strange (Strange) is an Assistant District Attorney for Cameron County.

7. Defendants Four Unnamed Deputy Sheriffs (Sheriffs) are law enforcement officers with the Cameron County Sheriff's Department.

8. Defendant One Unnamed Deputy Constable (Constable) is a law enforcement officer.

## BACKGROUND

Plaintiff and Coronado lived together in an apparent common-law relationship. Plaintiff, Coronado, and Coronado's eight year-old daughter shared a residence in a duplex. In May of 1997, Plaintiff had major medical problems and checked into the Veteran's Administration Hospital in San Antonio, Texas. When Coronado did not hear from Plaintiff for some time, she began to fear that he had died. Coronado searched Plaintiff's room for a phone number where she could reach him. During her search, Coronado found photographs of nude minor children. Coronado recognized one of the children in the photographs, and feared for the safety of her daughter.

Coronado asked her daughter whether Plaintiff had sexually abused her. Coronado's daughter eventually admitted that Plaintiff had touched her breasts and private parts. Coronado called the Cameron County Sheriff's Department and filed a complaint.

Sheriffs deputies arrested Plaintiff when he returned from the hospital. Subsequently, deputies went to Plaintiff's apartment to continue with the investigation. Coronado consented to the deputies searching apartment, and gave the deputies the photographs she found in Plaintiff's room.

Plaintiff was tried and convicted for indecency with a child on October, 1 1979, and sentenced to ninety-nine years confinement. *State v. Hedrick*, 97-CR-901-B. The Thirteenth Court of appeals affirmed the judgment on October 1, 1998. *Hedrick v. State,* 13-97-851-CR, slip. op. at 5. Plaintiff did not file any further state appeals.

Plaintiff brought claims under 42 U.S.C. §1983 against all Defendants, alleging that his Fourth and Fourteenth Amendment rights were violated when Coronado searched his room, and

2

when Coronado conspired with deputies to fabricate evidence against him in order to prosecute him. *Pl.['s] Compl. for Violation of Civil Rights Pursuant to 42 U.S.C. §1983* at 3-4c, (Docket No. 1).

Coronado, although properly served with notice of this suit, has not filed an answer. *Civil Summons - Ofelia Coronado,* (Docket No. 12).

Defendants Flores, Rodriguez, del Bosque, Strange, Sheriffs and Constable have filed a Motion to Dismiss Plaintiff's claim on the following grounds: Failure to state a claim upon which relief can be granted, prosecutorial absolute immunity, qualified immunity, real party in interest, res judicata, collateral estoppel, lack of jurisdiction over the subject matter, failure to exhaust state remedies, and lack of venue.

Plaintiff has not filed a response to Defendants' Motion.

Because the first ground is dispositive, it is unnecessary to reach the remaining grounds.

## MOTION TO DISMISS

Ruling on a motion to dismiss for failure to state a claim requires the court to accept the allegations as true and view them in the light most favorable to the non-mover, drawing all reasonable inferences in that party's favor. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The motion is denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle her to relief. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992).

Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Jefferson v. Lead Industries Association, Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997).

## ANALYSIS

I.   **Defendants Flores, Rodriguez, del Bosque, Strange, Sheriffs and Constable**

   A.   **§1983 Claim**

Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights by illegally obtaining evidence that was used to convict him. *Pl.['s] Compl.* at 3-4c, (Docket No. 1).

A plaintiff may not bring a §1983 claim premised on an unlawful conviction unless their

3

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by federal court's issuance of writ of habeas corpus. *Heck v. Humphrey,* 512 U. S. 477, 487 (1994).

Here, Plaintiff has failed to obtain any of the above remedies. On the contrary, Plaintiff remains incarcerated after his conviction was upheld by the Thirteenth Court of Appeals. *Hedrick v. State,* 13-97-851-CR, slip. op. at 5. As such, Plaintiff cannot meet *Heck's* threshold requirement, and consequently he has failed to state a claim for relief. *Heck,* 512 U.S. at 487. Thus, the Motion to Dismiss filed by Defendants Flores, Rodriguez, del Bosque, Strange, Sheriffs, and Constable should be GRANTED.

## II.  Defendant Coronado

Defendant Coronado, although properly served with notice of this suit, has not filed an answer. *Civil Summons - Ofelia Coronado,* (Docket No. 12). Nevertheless, this court will address the claim against her in order to dispose of all parties.

### A.  §1983 Claim

Plaintiff asserts that Coronado violated his Fourth and Fourteenth Amendment rights when she searched his room and seized the photographs. *Pl.['s] Compl.* at 4, (Docket No. 1). Plaintiff further asserts that Coronado conspired with the deputies to fabricate evidence against him and prosecute him. *Id.*

To state a claim under §1983, the plaintiff must show that the alleged deprivation was committed by a person acting "under color of state law."[1] *Becerra v. Asher,* 105 F.3d 1042, 1045 (5th Cir. 1997), citing *West v. Atkins,* 487 U.S. 42, 48 (1988).

Acting under color of state law requires state action. *Frazier v. Board of Trustees of*

---

[1]Title 42 U.S.C. S 1983 provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

*Northwest Mississippi Regional Medical Center*, 765 F.2d 1278, 1283 (5th Cir. 1985).

Whether state action exists in a particular situation is determined by sifting the facts and weighing the circumstances (in each case). *Dobyns v. E-Systems, Inc.*, 667 F.2d 1219, 1222 (5th Cir. 1982), parentheses ours, citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961).

Private individuals can be state actors and can be held liable under §1983. *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1076 (5th Cir.1985).

The Supreme Court has outlined four tests to determine if the actions of a private party constitute state action: The symbiotic relationship test, the public function test, the close nexus test, and the joint participation test. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961) (Symbiotic relationship test), *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974) (Public Function test), *Jackson*, 419 U.S. at 351 (Nexus test), *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (Joint participant test). *See generally Beanal v. Freeport*, 969 F.Supp 362, 377-80 (E.D. La. 1997) (Plaintiff failed to establish private party's acts constituted state action under any of the four tests.)

1. **Symbiotic Relationship Test**

Under the symbiotic relationship test, state action can be established if the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity. *Burton*, 365 U.S. at 725, *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1450 (10th Cir. 1995). To establish a symbiotic relationship, the state and the private entity need be "physically and financially integral...an indispensable part." *Burton*, 365 U.S. at 723-24.

Here, the Sheriff's Department is not dependent upon Coronado. Nor is there any indication of physical or financial co-dependence. As such, there is no symbiotic relationship between the Sheriff's Department and Coronado.

2. **Public Function Test**

Under the public function test, state action is present where a private entity exercises powers traditionally reserved to the state. *Jackson*, 419 U.S. at 352.

Here, Coronado merely undertook a search of her own residence; such an activity is not a

5

power exclusively reserved to the state. Thus, Coronado was not performing a public function.

### 3. Close Nexus Test

State action may be found where there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

Governmental regulation, subsidy, approval of or acquiescence in the private conduct does not make the State responsible for the conduct. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1448 (10th Cir.1995). To satisfy the nexus test, the state must be significantly involved in or actually participate in the alleged conduct. *Gallagher*, 49 F.3d at 1449, citing *NBC v. Communications Workers of America, AFL-CIO*, 860 F.2d 1022 (11th Cir.1988), *Wagner v. Metropolitan Nashville Airport Auth.*, 772 F.2d 227 (6th Cir.1985), *D'Amario v. Providence Civic Center Authority*, 783 F.2d 1 (1st Cir.1986).

Again, Coronado's search of the bedroom and subsequent report to authorities was in no way prompted by the Sheriff's Department. Moreover, Coronado did not participate in the decision to arrest and prosecute the Plaintiff.

As such, Coronado's actions may not fairly be treated as acts of the state, and there is no nexus between Coronado and the Sheriff's Department.

### 4. Joint Action Test

State action is present where a private party is a willful participant in joint action with the state or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The joint action test looks to whether the state officials and private parties acted in concert in effecting a particular deprivation of constitutional rights. *Gallagher*, 49 F.3d at 1453.

As with the nexus test, state acquiescence or approval of the challenged conduct does not appear sufficient to satisfy the joint action test. *Gallagher*, 49 F.3d at 1455-1456. Rather, the presence of government officers must have influenced or been an integral part of the challenged conduct. *Id.*

The fact that a private party has induced a public official to act does not constitute joint action. *Scott v. Greenville County*, 716 F.2d 1409, 1424 (4th Cir. 1983). Nor does filing a criminal complaint constitute joint action. *Culebras Enters. v. Rivera Rios*, 813 F.2d 506, 519 (1st Cir.

1987).

Here, Coronado undertook to search defendant's apartment without any prompting by the Sheriff's Department. Furthermore, under *Scott* and *Culebras*, Coronado's report to the police merely induced them to investigate; As such, her acts do not qualify as joint action. *Scott*, 716 F2d at 1424, *Culebras*, 813 F.2d at 519. Thus, there was no joint action between Coronado and the Sheriff's Department.

To summarize, the facts and circumstances alleged by Plaintiff do not pass any of the four tests for state action by a private individual. As such, Coronado's actions were not "state action." Thus, Coronado was not acting under "color of law" when she searched Plaintiffs room and reported her discoveries to the authorities. Consequently, Plaintiff cannot establish a necessary requisite to a §1983 claim, and Plaintiff has failed to state a claim for relief. Therefore, Plaintiffs §1983 claim against Coronado should be DISMISSED.

## RECOMMENDATION

For the reasons listed above, the Motion to Dismiss filed by Defendants Flores, Rodriguez, del Bosque, Strange, Sheriffs and Constable should be GRANTED.

It is further recommended that the claims against Defendant Coronado be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas, this 28th day of September, 1999.

Felix Recio
United States Magistrate Judge

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM LEE HEDRICK<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | |
| | § | |
| MARY ANN FLORES, | § | |
| ROBERTO RODRIGUEZ, | § | CIVIL ACTION NO. B-98-120 |
| CARLOS DEL BOSQUE, | § | |
| OFELIA CORONADO, | § | |
| JEFFREY T. STRANGE, | § | |
| FOUR UNNAMED DEPUTY SHERIFFS, | § | |
| AND ONE UNNAMED DEPUTY | § | |
| CONSTABLE, | § | |
| Defendants. | § | |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 28, 1999 be ADOPTED.

Furthermore,

the Motion to Dismiss filed by Defendants Flores, Rodriguez, del Bosque, Strange, Sheriffs, and Constable is hereby GRANTED; and

Plaintiffs 42 U.S.C. §1983 claim against Defendant Coronado is hereby DISMISSED.

DONE in Brownsville, Texas on this _____ day of _____, 1999.

_____
Hilda G. Tagle
United States District Judge